THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMES M. BLAIR, | CASE NO. C17-0265-JCC |
| Plaintiff, | ORDER |
| v. | |
| CITY OF MERCER ISLAND, | |
| Defendant. | |

This matter comes before the Court on Defendant's motion for summary judgment (Dkt. No. 52). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS in part and DENIES in part the motion for the reasons explained herein.

I.     **BACKGROUND**

Plaintiff filed a *pro se* complaint with this Court against his former employer, the City of Mercer Island (Dkt. No. 1). Plaintiff worked for the City's Right of Way ("ROW") Department. (*Id*. at 4.) He alleges that he was wrongfully terminated without due process after complaining of a "discriminatory culture, racial slurs, and hostile working conditions." (*Id*. at 5.) Liberally construed,[1] the complaint states the following causes of action: race-based Title VII violations

---

[1] Federal courts should liberally construe the pleadings of a *pro se* litigant. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

and a Fourteenth Amendment Due Process violation.[2] (*Id*. at 1–2, 7–9.) The complaint also asserts a First Amendment claim. (Dkt. No. 1 at 1–2, 7–9.) But the complaint fails to allege supporting facts separate and apart from those supporting the Title VII claim. (*Id.* at 6.) Therefore, the First Amendment claim is preempted by Plaintiff's Title VII claim. *See Ethnic Employees of Lib. of Cong. v. Boorstin*, 751 F.2d 1405, 1415 (D.C. Cir. 1985); *see also Casselle v. Foxx*, 195 F. Supp. 3d 270, 275 (D.D.C. 2016) (preempting a First Amendment claim against an employer where the same facts supported a Title VII claim).

Defendant moves for summary judgment on all of Plaintiff's claims. (Dkt. No. 52 at 23.) Defendant noted its motion for consideration on May 18, 2018. (*Id*. at 1). Plaintiff's response in opposition was due by May 14, 2018. W.D. Wash. Local Civ. R. 7(d)(3). Plaintiff failed to respond.

## II. DISCUSSION

### A. Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In doing so, the Court must view the facts and justifiable inferences in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 255 (1986). Once a motion for summary judgment is properly made and supported, the opposing party "must come forward with 'specific facts showing that there is a *genuine issue for trial*.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (emphasis in

---

[2] The complaint also indicates that Plaintiff seeks to "invoke[] this Court's pendant jurisdiction with respect to his claim based on the common law of Seattle Washington and (King County)." (Dkt. No. 1 at 2.) But the complaint lacks sufficient facts to provide Defendant "fair notice of the nature of the claim" or the "grounds on which the claim rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 553 n.3 (2007). Even under a liberal construction, the Court cannot construe the complaint as bringing forth a state common law cause of action. Therefore, the Court declines Defendant's request to exercise supplemental jurisdiction over Plaintiff's potential tort claims. (*See* Dkt. No. 52 at 21–22); 28 U.S.C. § 1367.

original) (quoting Fed. R. Civ. P. 56(e)).

B. **Plaintiff's Failure to Respond**

Because Plaintiff did not respond to Defendant's motion for summary judgment, so long as Defendant presents sufficient evidence to "negate[] an essential element" of Plaintiff's claims, summary judgment for Defendant is warranted. *Celotex Corp. v. Catrett*, 477 U.S. 317, 331 (1986).[3] While Plaintiff is proceeding *pro se* and the Court must "liberally construe his pleadings," it need not undertake special endeavors to inform Plaintiff of his obligations under Rule 56. *Franklin v. Murphy*, 745 F.2d 1221, 1235 (9th Cir. 1984) (citation omitted); *see Jacobsen v. Filler*, 790 F.2d 1362, 1366 (9th Cir. 1986) ("[P]*ro se* litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record . . . the present federal rules . . . apprise litigants of their summary judgment obligations.").

C. **Title VII Claims**

Title VII makes it unlawful for an employer to discriminate on the basis of several protected classes, including race. 42 U.S.C. § 2000e–2(a)(1). Liberally construed, Plaintiff's complaint alleges the following forms of actionable Title VII racial discrimination: disparate treatment, a hostile work environment, and retaliation.

1. <u>Disparate Treatment</u>

For a disparate treatment claim, Plaintiff must first make a *prima facie* showing that: (1) he is a member of a protected class; (2) he performed his or her job satisfactorily; (3) he experienced an adverse employment action; and (4) similarly situated individuals outside of his protected class were treated more favorably. *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1028 (9th Cir. 2006). Defendant provides uncontroverted evidence that (1) Plaintiff was first employed by the City in 2012 as a seasonal employee; (2) he became a full-time at-will employee on November 24, 2014, subject to a one-year probationary period; (3) he did not

---

[3] Alternatively, in its discretion, the Court may consider any facts asserted in Defendant's motion as undisputed. *Heinemann v. Satterberg*, 731 F.3d 914, 917 (9th Cir. 2013).

perform his job satisfactorily;[4] and (4) the City terminated him on this basis on November 19, 2015 (Dkt. No. 56 at 1.) Therefore, the Court need not consider the remaining elements for a *prima facie* case of discrimination, nor must it consider the *McDonnell Douglas* burden-shifting framework.[5]

### 2. Hostile Work Environment

For a hostile work environment claim, Plaintiff must show: (1) that he was subjected to conduct of a harassing nature based on his race; (2) that the conduct was unwelcome; and (3) that the conduct was sufficiently severe or pervasive to alter the conditions of his employment and create an abusive work environment. *Vasquez v. County of Los Angeles*, 349 F.3d 634, 642 (9th Cir. 2003). To determine whether conduct is sufficiently severe or pervasive, a reviewing Court examines "all the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Id.* at 642 (quoting *Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 270–71 (2001)). "In addition, the working environment must both subjectively and objectively be perceived as abusive." *Vasquez*, 349 F.3d at 642.

Ninth Circuit law establishes a high burden before finding a hostile work environment.

---

[4] First, Plaintiff did not obtain the necessary certifications and licenses for members of the City's ROW Department. (*See* Dkt. Nos. 56 at 3, 56-1 at 3). Second, Plaintiff was insubordinate, aggressive, and combative with his superiors and colleagues. (*See* Dkt. Nos. 54 at 1–2, 57 at 1, 58 at 1–3) Third, the City unsuccessfully undertook disciplinary measures and corrective counseling. (*See* Dkt. Nos. 56 at 2, 58 at 1–3) (describing a June 23, 2015 notice, a June 24, 2015 disciplinary meeting, a June 30, 2015 one-day suspension, a July 2, 2015 meeting which included union representation, an August 4, 2015 meeting with the Public Works Director for the City, and a November 1, 2015 performance review).

[5] *See McDonnell Douglas Corp v. Green*, 411 U.S. 792, 802 (1973) (if a plaintiff succeeds in establishing a *prima facie* case, the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for its allegedly discriminatory conduct; if the defendant provides such a reason, the burden shifts back to the plaintiff to show that the employer's reason is a pretext for discrimination).

ORDER
C17-0265-JCC
PAGE - 4

For example, in *Sanchez v. City of Santa Ana*, the court held that no reasonable juror could have found Latino police officers were subject to a hostile work environment despite allegations that the employer posted a racially offensive cartoon, made racially offensive slurs, targeted Latinos when enforcing rules, provided unsafe vehicles to Latinos, did not provide adequate police back-up to Latino officers, and kept illegal personnel files on plaintiffs because they were Latino. 936 F.2d 1027, 1036–37 (9th Cir. 1990). Similarly, in *Kortan v. Cal. Youth Authority*, the court found no hostile work environment existed when a supervisor called female employees "castrating bitches," "Madonnas," or "Regina" on several occasions, the supervisor called the plaintiff "Medea," the plaintiff complained about other difficulties with that supervisor, and the plaintiff received letters at home from the supervisor. 217 F.3d 1104, 1106–07 (9th Cir. 2000). Conversely, in *Nichols v. Azteca Rest. Enters., Inc.*, the court held that an employer's actions were sufficiently severe and pervasive to establish a hostile work environment when a male employee of a restaurant was subject to a relentless campaign of insults, name-calling, vulgarities, and taunts of "faggot" and "fucking female whore" by male co-workers and supervisors at least once a week and often several times a day. 256 F.3d 864, 871 (9th Cir. 2001).

Here, Plaintiff alleges the following unwelcome actions: (1) his colleagues and supervisors referred to him as "O.J. Simpson" and (2) someone drew a ghost on a whiteboard near his workspace. (Dkt. No. 53-1 at 12–25.) As to the "O.J. Simson" remark, Plaintiff admits that he had been called "O.J. Simpson" in the past based upon his likeness to Mr. Simpson, rather than due to a racial association. (*Id.* at 12–13.) He also admits the comments stopped when he complained of them. (*Id.* at 26–27.) As to the ghosts, Plaintiff admits this was limited to two instances. (*Id.* at 25.) Plaintiff's allegations are not sufficiently frequent, severe, threatening, or humiliating to establish a hostile work environment.

   3. <u>Retaliation</u>

For a retaliation claim, Plaintiff must first make a *prima facie* showing that: (1) he engaged in a protected activity, (2) the City subjected him to an adverse employment action, and

(3) a casual link exists between the two events. *Vasquez*, 349 F.3d at 646. Plaintiff lodged formal complaints with the Equal Employment Opportunity Commission in August 2015 and with the Washington State Human Rights Commission in October 2015 regarding the name calling, the ghost drawing, his disciplinary hearing, and his one-day unpaid suspension. (Dkt. Nos. 55-1, 55-2.) He was terminated in November 2015. (Dkt. No. 52 at 10.) Viewing the facts in the light most favorable to Plaintiff, the complaints were protected activities, his termination was an adverse employment action, and a causal connection exists between the two, given the lack of temporal separation. *See Breeden*, 532 U.S. at 273. Therefore, Defendant must provide a legitimate, nondiscriminatory reason for its termination decision. *Vasquez*, 349 F.3d at 640. However, Defendant easily meets this burden. (*See* Dkt. Nos. 54 at 1–2, 56 at 2–3, 56-1 at 3, 57 at 1, 58 at 1–3) (affidavits from Plaintiff's supervisors and colleagues describing Plaintiff's incidents of insubordination and aggression). Moreover, Plaintiff has not come forward with any rebuttal evidence. *See Heinemann*, 731 F.3d at 917 (based on Plaintiff's failure to respond, the Court may treat the facts as presented by Defendant to be undisputed).

The Court GRANTS summary judgment to Defendant on Plaintiff's Title VII claim.

### D. Fourteenth Amendment Due Process Claim

A government employee can have a constitutionally-protected property interest in his or her job. *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972). Plaintiff alleges he was entitled to substantial Fourteenth Amendment Due Process procedural protections and that his termination violated these protections. (Dkt. No. 1 at 8.) However, Defendant presents uncontroverted evidence that Plaintiff was an at-will probationary employee at the time of his termination. (Dkt. No. 56 at 1.) For an at-will employee, property interests are minimal. *See Eklund v. City of Seattle Mun. Ct.*, 628 F.3d 473, 484 n.1 (9th Cir. 2010). The Court GRANTS summary judgment to Defendant on Plaintiff's Fourteenth Amendment claim.

## III. CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment (Dkt. No. 52) is

1  GRANTED in part and DENIED in part. Plaintiff's Title VII and Fourteenth Amendment Due
2  Process claims are DISMISSED with prejudice. Plaintiff's state tort claims are dismissed without
3  prejudice. The Clerk is DIRECTED to close the case.

   DATED this 22nd day of May 2018.

   John C. Coughenour
   UNITED STATES DISTRICT JUDGE